IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PROVIDENT PRECIOUS METALS, LLC, § § *Plaintiff,* § § v. § § NORTHWEST TERRITORIAL MINT, LLC, § § *Defendant.* § | Civil Action No. _____ |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO 15 U.S.C. § 1125**

Plaintiff Provident Precious Metals, LLC ("Provident" or "Plaintiff") files this complaint for declaratory judgment 3against the Defendant Northwest Territorial Mint, LLC ("Northwest" or "Defendant").

**NATURE OF THE ACTION**

1. Plaintiff Provident seeks declaratory judgment of non-infringement of alleged copyright(s), trademarks and trade dress rights asserted against Plaintiff by Defendant Northwest. Provident further seeks declaratory judgment that any alleged copyright, trademark or trade dress rights asserted by Northwest are invalid and unenforceable.

2. Northwest has asserted that Provident is infringing Northwest's alleged copyright, trademarks and trade dress rights by selling copper in the shape of the common and well-known .45 caliber ACP ammunition. Provident denies that it has infringed any copyrights owned by Northwest regarding metals with intrinsic value, such as platinum, gold, silver and copper, shaped in the form of ammunition. Provident further denies that is has infringed any trademarks or trade dress rights owned by Northwest relating to replica ammunition-shaped metal products, including, but not limited to, .45 caliber ACP ammunition.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO 15 U.S.C. § 1125**                                                                          Page 1

## THE PARTIES

3. Provident is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in Dallas, Texas.

4. Upon information and belief, Northwest is a limited liability company organized under the laws of the State of Washington and is registered to do business in the State of Texas as a foreign entity with registration #801425366 with its principal place(s) of business represented to be 2505 S. 320th Street, Federal Way, Washington 98003 and/or 80 Airport Vista Boulevard, Dayton, Nevada 89403. Northwest also has a designated agent for service of process in the State of Texas – Fredreck S. Hudgens ("Hudgens"). Hudgens has an address in Tomball, Texas – 720 West Main Street, Tomball, Texas 77375.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment arising under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); (ii) the Trademark Laws of the United States, 15 USC § 1051 *et seq.* (the "Trademark Act"); (iii) 15 U.S.C. §1125, *et seq.* (the "Lanham Act"); and (iv) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Defendant Northwest is also subject to the personal jurisdiction of this Court because the Defendant regularly maintains an office and registered agent in the State of Texas and, therefore, is continuously present in the State of Texas. In addition, its false assertions of infringement of alleged copyrights, trademarks and trade dress were directed to the Plaintiff in the State of Texas. Thus, this Court has both general and specific personal jurisdiction over Northwest.

7. Venue of this action is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1) and (2) because Northwest is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2). In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the Northern District of Texas.

## FACTUAL BACKGROUND

8. Plaintiff re-avers and re-states the foregoing Paragraphs 1-7 inclusively as if fully set forth herein.

9. Provident is a Texas business located in the Dallas area. Provident sells novelty and commemorative items, such a coins, medals, statuettes, and similar ornamental and affinity products, including, but not limited to, full-scale replicas of common shapes of weapon ammunition (such as .45 caliber ACP ammunition), made from metals with intrinsic value, including, but not limited to, copper.

10. Northwest holds itself out as a manufacturer and seller of similar products, including, but not limited to, full-scale replicas of common shapes of weapons ammunition made from metals with intrinsic value, including, but not limited to, silver.

11. The common weapon ammunition shapes, which have been in the public domain for up to 102 years and which are in controversy, include ammunition shapes such as the .45 caliber ACP (*circa* 1911), .308 NATO (*circa* 1958), and the .50 BMG (*circa* 1940). For many years, these have been replicated for novelty and collection purposes in metals with intrinsic value, such as gold, silver and copper.

12. Provident and Northwest are competitors in the marketplace for novelty and/or affinity collectible products made from metals with intrinsic value, including replica ammunition.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO 15 U.S.C. § 1125**                                                                                   **Page 3**

**DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY**

13. Plaintiff re-avers and re-states the foregoing Paragraphs 1-12 inclusively as if fully set forth herein.

14. On July 15, 2013, Defendant Northwest threatened litigation against Provident, asserting that Provident is infringing Northwest's claimed copyright in the .45 caliber ACP ammunition made of silver and Northwest's trademark in the name, Silver Bullet Bullion (subject of Serial No. 85/824,772, filed January 16, 2013), and Northwest's product shape associated with its .45 caliber ACP replica ammunition made of silver. Northwest also asserted that Provident was infringing Northwest's alleged trade dress rights relating to these objects. Such threats were communicated through telephone conversations between Northwest and Provident, which clearly and unambiguously articulated Northwest's intent to commence litigation to enforce their purported intellectual property rights.

15. On July 23, 2013, Defendant Northwest also sent Provident a letter accusing Provident of copyright and trademark infringement in connection with Provident's sale of ammunition shapes, including Provident's .45 caliber ACP replica ammunition. Northwest's letter of July 23, 2013 expressly asserted, "[i]f you do not immediately remove and cease all sales of products that infringe upon the intellectual property owned by NWTM by Monday, July 29th, NWTM will not hesitate to pursue all legal remedies necessary to cure your infringement and to recover damages and costs."

16. There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of replica weapon ammunition from metals with intrinsic value free of any allegation by Northwest that such conduct constitutes an infringement of any copyright, trademark or trade dress rights allegedly owned by Northwest.

## FIRST CLAIM FOR RELIEF
### (Invalidity of Copyright)

17. Plaintiff re-avers and re-states the foregoing Paragraphs 1-16 inclusively as if fully set forth herein.

18. This is a declaratory judgment action under (i) the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

19. Plaintiff requests an order declaring that the alleged copyright(s) asserted by the Defendant in the form of replicas of common, public domain weapons ammunition shapes, including the .45 caliber ACP ammunition shape, are invalid and unenforceable for, *inter alia*, the following not all-inclusive reasons:

   (a) an absence of sufficient creativity and originality to be entitled to copyright protection or registration; and

   (b) the products merely consist of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain, and are not entitled to copyright protection or registration.

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Copyright)

20. Plaintiff re-avers and re-states the foregoing Paragraphs 1-19 inclusively as if fully set forth herein.

21. This is a declaratory judgment action under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the

Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

22. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Northwest relating to replica ammunition made of metals having intrinsic value, either directly or by inducing others to infringe or by contributing to infringement by others.

### THIRD CLAIM FOR RELIEF
### (Unenforceability of Trademark – Word Mark)

23. Plaintiff re-avers and re-states the foregoing Paragraphs 1-22 inclusively as if fully set forth herein.

24. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 *et seq.* (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

25. Plaintiff requests an order declaring that the Defendant's alleged trademark for Silver Bullet Bullion, which was asserted by the Defendant, lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable.

### FOURTH CLAIM FOR RELIEF
### (Unenforceability of Trademark and Trade Dress – Product Shape)

26. Plaintiff re-avers and re-states the foregoing Paragraphs 1-25 inclusively as if fully set forth herein.

27. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

28. Plaintiff requests an order declaring that the Defendant's alleged trademark and trade dress rights for the product shape of its replica weapons ammunition shapes, including, but not limited to, the .45 caliber ACP ammunition shape, lack the requisite legal requirements to be protectable on the Principal Register, and to be enforceable.

### FIFTH CLAIM FOR RELIEF
### (Unenforceability of Trademark and Trade Dress – Product Packaging)

29. Plaintiff re-avers and re-states the foregoing Paragraphs 1-28 inclusively as if fully set forth herein.

30. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

31. Plaintiff requests an order declaring that the Defendant's alleged trademark and trade dress rights for the product packaging used in conjunction with its replica weapons ammunition shapes, including, but not limited to the .45 caliber ACP ammunition shape, lack the requisite legal requirements to be protectable and enforceable.

**SIXTH CLAIM FOR RELIEF**
(Non-Infringement of Trademarks and Trade Dress)

32. Plaintiff re-avers and re-states the foregoing Paragraphs 1-31 inclusively as if fully set forth herein.

33. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

34. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark or trade dress rights owned by Northwest relating to the sale replica ammunition made of metals having intrinsic value, either directly or by inducing others to infringe or by contributing to infringement by others.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a) An order declaring the alleged copyright(s) asserted by Northwest in the form of replicas of common, public domain weapons ammunition shapes, including, but not limited to, the .45 caliber ACP ammunition shape, are invalid and unenforceable;

(b) An order declaring that Provident does not infringe any valid copyright owned by Northwest relating to replica ammunition made of metals having intrinsic value;

(c)     An order declaring Northwest's alleged trademark for Silver Bullet Bullion lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

(d)     An order declaring Northwest's alleged trademark or trade dress rights for the product shape of its replica weapons ammunition shapes, including the .45 caliber ACP ammunition shape, lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

(e)     An order declaring that Provident has not infringed any valid, distinctive and enforceable trademark or trade dress rights owned by Northwest relating to the sale of replica ammunition made of metals having intrinsic value;

(f)     An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Provident; and

(h)     An order awarding such other and further relief as this Court deems just and proper.

Dated: July 29, 2013                              Respectfully submitted,

                                        **BUETHER JOE & CARPENTER, LLC**

                                        By:   */s/ Eric W. Buether*
                                                Eric W. Buether
                                                State Bar No. 03316880
                                                Eric.Buether@BJCIPLaw.com

                                                1700 Pacific Avenue , Suite 4750
                                                Dallas, Texas 75201
                                                Telephone:   (214) 466-1271
                                                Facsimile:     (214) 635-1827

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **PROVIDENT PRECIOUS METALS, LLC**